SAMUEL SNOVER *vs.* JACOB M. BLAIR.

1. If a wife leave her husband in consequence of ill treatment, the husband will be bound to pay for articles suitable to her condition in life, furnished her while living separate from him.

2. In a suit against the husband to recover pay for articles furnished his wife while living separate from him, declarations of the wife, made on the *day*, but not at the *time* she left, as to the causes of her leaving, are not a part of the *res gestæ*, and cannot be admitted in evidence.

Error to Warren Common Pleas.

This was an action of assumpsit, brought by Jacob M. Blair, the plaintiff below, against Samuel Snover, in the Court of Common Pleas for the county of Warren, to recover the amount of a book account for goods sold and delivered. The case was tried before said court at the September term, 1853.

On the trial, it was proved that the articles were purchased by and delivered to the defendant's wife, for her use, while living separate from her husband, and after the plaintiff had been requested by Snover not to trust her on his account; that the wife had been compelled by ill usage to leave the house of her husband, and that the articles furnished were necessary and suitable for her condition in life.

The defendant, Snover, offered to prove that Mrs. Snover said, the day she left, that she did not leave because of Snover's ill treatment, but because of his going for his

mother. To this evidence the counsel for the plaintiff objected, and the court refused to admit it.

To this ruling of the court below Snover's counsel excepted, and it is now alleged for error.

The case was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Halsted* and *Nevius*, for the plaintiff in error, and by *Dayton*, for the defendant.

*Halsted* and *Nevius* cited 1 *Phil. Ev.* 189; *Ib.* 194, c. 7, § 1; *Ib.* 195, c. 7; 1 *Greenl. Ev.* § 110; 2 *Bing.* 99, *Rawson* v. *Haigh;* 3 *Esp.* 276, *Hoare* v. *Allen;* 6 *East* 188, *Aveson* v. *Ld. Kinnaird;* 8 *Bing.* 376, *Willis* v. *Bernard;* 1 *Phil. Ev., Cowan's notes,* 209, *n.* 164; 1 *Car. & P.* 621, *Walton* v. *Green;* 2 *Car. & P.* 22; *Houliston* v. *Smyth.*

*Dayton* cited 2 *Halst.* 357, *Smith* v. *Ruecastle;* 2 *Kent.* 148.

POTTS, J. The plaintiff below, Jacob M. Blair, brought an action of assumpsit against Snover, in the Warren Pleas, for the amount of a book account, for goods, &c., sold and delivered, and recovered judgment.

To reverse this judgment this writ of error is brought.

The articles were purchased by and delivered to the defendant's wife, after she had separated from her husband, and for her use, and after Blair had been requested by Snover not to trust her on his account.

The plaintiff below put his case upon two grounds.

1. That the wife had been compelled, by extreme ill usage and treatment of the most revolting and brutal character, to leave the home of her husband.

2. That the articles were necessary and suitable for her condition in life.

These propositions were established by the most conclusive evidence.

The counsel for the defendant below, however, offered to prove, by a witness, that Mrs. Snover told her, the day

she left, that she did not leave because of Snover's ill treatment, but because of his going for his mother. The court refused to admit this evidence; and this is alleged for error.

As a general rule, the declarations of a wife cannot be received in evidence to defeat a claim against her husband; and it makes no difference whether, at the time of the declaration, she be living with or separate from him. There are cases in which, where the character of a transaction to which the wife was a party formed an issue in the cause, the declarations of the wife, made at the time, and before she had an opportunity to devise an answer for her own benefit, has been admitted in an action by the husband. *Aveson* v. *Kinnaird,* 6 *East* 188; *Thomson and Wife* v. *Trevannion, Skinner* 402, on the ground that they were of the *res gestæ.* But this rule must be construed strictly, being in derogation of a general and salutary principle; and here the declaration offered to be proved, though alleged to have been on the *day,* was not made at the *time* of leaving, for the witness said she did not see Mrs. Snover when she was going away the last time she left. The declaration alleged, not having been made at the time, was not therefore strictly a part of the *res gestæ.* 1 *Greenl. Ev.* § 108; *Enos* v. *Tuttle,* 3 *Conn. R.* 250; *In re Taylor,* 9 *Paige* 611; *Hadley* v. *Carter,* 8 *N. Hamp.* 40.

I think the court below, therefore, were right in refusing to admit the evidence; but even if it had been admitted, it ought not to have had any influence to change the verdict. The conduct of the defendant towards his wife was proved to have been such as fully justified the jury in finding for the plaintiff, even though the wife had assigned, at the time of leaving him, an insufficient reason for doing so.

Let the judgment be affirmed.

C. J. GREEN and OGDEN, J., concurred.